IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Michael M. Madcke, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:09-cv-108 |
| | ) | |
| Social Security Administration | ) | |
| Commissioner, Michael J. Astrue, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Michael M. Madcke (hereinafter "Madcke," "plaintiff," or "claimant") initiated

this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the

Commissioner of Social Security ("Commissioner") denying his application for disability

insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and denying

his application for supplemental security income under Title XVI of the Social Security Act, 42

U.S.C. §§ 1381-1383c.  (Tr. 9-22).  Both parties have moved for summary judgment (Doc. #18,

Doc. #27), or in the alternative, plaintiff has moved to remand for additional administrative

proceedings.  (Doc. #24).

### Summary of Recommendation

The magistrate judge finds the Administrative Law Judge ("ALJ") failed to adequately

explain and support his credibility findings in determining Madcke's residual functional capacity

("RFC").  It is **RECOMMENDED** that the decision of the Commissioner be **REMANDED** for

reconsideration of Madcke's subjective complaints in determining his RFC.

**Background**

Madcke protectively filed his applications for disability insurance benefits and

supplemental security income on April 30, 2007 under Title II of the Social Security Act, 42

U.S.C. §§ 401-433, and under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c.

He alleged a disability onset date of May 4, 2004.  (Tr. 96, 104).  At the hearing before the

Administrative Law Judge ("ALJ"), the alleged onset date was amended to May 8, 2005, the date

Madcke last performed substantial gainful activity.  (Tr. 30).   Madcke's applications were

denied initially and on reconsideration.  He requested a hearing, which was held on January 27,

2009.  Madcke appeared with his attorney and testified at the hearing.  Vocational Expert Dr.

Juletta M. Harren also testified.  The Administrative Law Judge ("ALJ") issued his decision on

March 31, 2009, finding plaintiff was not disabled.  (Tr. 9-22).  Madcke requested review of the

ALJ's decision.  The Appeals Council denied Madcke's request for review, making the decision

of the ALJ the Commissioner's final decision.

Madcke was 47 years old at the time of the hearing.  (Tr. 27).  He completed high school

and special training in architectural drafting.  (Tr. 148).  He has worked as a checker of building

drafts.  (Tr. 143).  Madcke alleges he is disabled due to diverticulitis with nocturnal diarrhea,

disc herniation, detached retinas in both eyes, and depression.

**Legal Standard**

Upon review of the pleadings and transcript of the record, the court can affirm, modify,

or reverse the decision of the Commissioner, with or without remanding the cause for a

rehearing.  42 U.S.C. § 405(g).  To affirm the Commissioner's decision, the court must find

substantial evidence appearing in the record as a whole supports the decision.  See id.; Cruse v.

Bowen, 867 F.2d 1183, 1184 (8th Cir. 1989).  "This standard requires a more searching review

than the substantial evidence standard, and [the court will] take into account record evidence that

fairly detracts from the ALJ's decision." Tilley v. Astru, 580 F.3d 675, 679 (8th Cir. 2009)

(citing Minor v. Astrue, 574 F.3d 625, 627 (8th Cir. 2009)).  The court must  "take into

consideration the weight of the evidence in the record and apply a balancing test to evidence

which is contradictory."  Minor, 574 F.3d at 627 (citing Wilson v. Sullivan, 886 F.2d 172, 175

(8th Cir. 1989)) (quoting Jackson v. Bowen, 873 F.2d 1111, 1113 (8th Cir. 1998)).  See also,

Burress v. Apfel, 141 F.3d 875, 878 (8th Cir. 1998) ("As this court has repeatedly stated, the

'substantial evidence in the record as a whole' standard is not synonymous with the less rigorous

'substantial evidence' standard."); Gavin v. Heckler, 811 F.2d 1195, 1199 (8th Cir. 1987) ("It is

not sufficient for the district court to simply say there exists substantial evidence supporting the

[Commissioner] and therefore the [Commissioner] must be sustained.").

## Discussion

The ALJ employed the familiar five-step test to determine whether Madcke was

disabled.[1]   The ALJ determined plaintiff had not engaged in substantial gainful activity since the

amended onset date of disability.  (Tr. 12).  He found Madcke has the following severe

impairments which do not meet or equal any listed impairment: "status post detached retina in

both eyes, diarrhea, diverticulitis (status post sigmoid resection of terminal ileum), and disc

herniation at the C7-T11 level (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*)."  (Tr. 10).  The

ALJ found Madcke's depression to be a non-severe impairment.  (Tr. 12-13).  He determined

---

[1]The five steps are:  (1) whether the claimant is engaged in any substantial gainful
activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or
equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App.1; (4) whether the claimant can
return to his past relevant work; and (5) whether the claimant can adjust to other work in the
national economy.  20 C.F.R. § 404.1520(a)(5)(i)-(v).

Madcke is unable to perform any past relevant work, but he can perform other work as an order

clerk, receptionist/information clerk, general office clerk, or appointment clerk.  (Tr. 20-21).

Plaintiff alleges the ALJ committed the following errors: failing to find his depression is

a severe impairment, failing to find he met the listing for vision impairments, failing to accept as

credible his subjective complaints, failing to properly determine his residual functional capacity

("RFC"), failing to give controlling weight to his examining physicians, and failing to properly

develop the record.  Plaintiff also alleges the ALJ erred in considering whether he was disabled

prior to the amended onset date.

### Severe Impairments

"An impairment is not severe if it amounts only to a slight abnormality that would not

significantly limit the claimant's physical or mental ability to do basic work activities."  Kirby v.

Astru, 500 F.3d 705, 707 (8th Cir. 2007).  The plaintiff has the burden to establish that an

impairment is severe.  Id.  "Severity is not an onerous requirement for the claimant to meet, . . .

but it is also not a toothless standard, and [the court has] upheld on numerous occasions the

Commissioner's finding that a claimant failed to make this showing."  Id. at 708 (internal

citation omitted).

The ALJ evaluates the severity of a mental impairment by gauging its impact on four

functional areas: (1) activities of daily living; (2) social functioning; (3) concentration,

persistence or pace; and (4) episodes of decompensation.  20 C.F.R. § 404.1520a(c)(3).  If the

ALJ rates the claimant's limitations as "none" or "mild" in the first three areas, and "none" in the

fourth area, the ALJ will generally conclude the mental impairment is not severe, unless the

evidence indicates there is more than a minimal limitation in the claimant's ability to perform

basic work activities.  20 C.F.R. § 404.1520a(d)(1).

The ALJ found Madcke's mental impairments do not cause more than a minimal limitation in his mental ability to perform basic work activities. (Tr. 12). He found Madcke has no limitations in activities of daily living, and mild limitations in social functioning and in concentration, persistence or pace. (Tr. 12-13). He also found Madcke has not had any repeated episodes of decompensation. (Tr. 13).

Madcke contends his depression is severe because Dr. Mutchler, his primary physician, noted he had severe anhedonia, decreased motivation and energy, trouble sleeping, and crying spells; Madcke reported to his primary physician that his co-workers noticed he had increased agitation; Madcke testified he has crying spells and doesn't feel like doing anything; Dr. Ernster, a Social Security consultative examiner, found Madcke probably meets the criteria for depression due to his fatigue and insomnia, crying spells, and depressed mood; and Dr. Geiselhart, a Social Security consultative examiner, gave Madcke a Global Assessment of Functioning ("GAF") score of 50, indicating moderate to serious symptoms or moderate to serious impairments in social, occupational, or school functioning. However, after Dr. Mutchler noted Madcke's symptoms of depression, he prescribed him medication and thereafter stated Madcke does "relatively well" on Wellbutrin (Tr. 314), Dr. Ernster's consultative examination was primarily for Madcke's physical issues (Tr. 406-08), and Dr. Geiselhart, the consultative examiner who assessed Madcke's psychological issues stated, "It does not appear that [Madcke] really has any depression other than a chronic low-grade type of depression . . . . At this time, I feel that his disability would be mainly due to his medical symptoms and not due to a mental health issue." (Tr. 412).

The ALJ's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir.

1994).  The ALJ gave specific reasons for finding Madcke's depression is not severe.  He noted

Madcke is able to perform several activities of daily living; Madcke does not have trouble

getting along with authority figures, coworkers, family, friends, and neighbors; and Madcke is

able to take care of his needs without reminders, he can pay attention, and is able to concentrate.

(Tr. 12-13).  The record as a whole reflects Madcke does not have more than minimal limitations

in his mental ability to perform basic work activities, and he is not significantly limited by his

depression.  There is substantial evidence in the record as a whole to support the ALJ's

determination that plaintiff's depression is not severe.

### Vision Impairments

The ALJ found Madcke's vision deficits did not meet the requirements of 20 C.F.R. Pt.

404, Subpt. P, App. 1, §§ 2.02 through 2.07.  Madcke states he was awarded benefits subsequent

to the ALJ's decision based upon meeting the listing for vision impairments.  Madcke made a

motion for leave to file with this court an additional exhibit regarding his vision deficits that was

not considered by the ALJ.  (Doc. #23).  The court denied the motion.  (Doc. #26).  Madcke does

not point to any evidence in the record that was before the ALJ to support his contention that he

meets the listing requirements.  There is substantial evidence in the record as a whole to support

the ALJ's determination that plaintiff's vision deficits did not meet a listed impairment.

### Subjective Complaints

"An adjudicator may not disregard a claimant's subjective complaints solely because the

medical evidence does not fully support them," or solely based on personal observations.

Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).  Several factors must be considered in

analyzing a plaintiff's subjective complaints:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:  1. the claimant's daily activities; 2. the duration, frequency and intensity of the pain; 3. precipitating and aggravating factors; 4. dosage, effectiveness and side effects of medication; 5. functional restrictions.

Id.  "Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole."  Id.

The ALJ made conclusory, unclear statements which cite no evidence as support.  The ALJ determined Madcke's statements concerning the intensity, persistence and limiting effects of his symptoms "are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." (Tr. 17).  The ALJ also found the following:

> The medical records and other evidence do not support the claimant's allegation of disability.  In terms of the claimant's alleged symptoms, neither the grounds for a finding of disability alleged by claimant, nor the impairment found by the undersigned are inconsistent with the residual functional capacity (RFC) found hereinabove.  None of the symptoms/limitations (either singly or in combination) are sufficient to preclude the claimant's engaging in the types of jobs that meet the stipulations of the RFC.

(Tr. 17).  The ALJ found Madcke's subjective complaints are not credible, and then implied that even if Madcke's subjective complaints were credible, a finding of disability would not be required.  For example, the ALJ stated, "The medical records and the testimony of the claimant describing his limitations will not interfere with his ability to function independently, appropriately, effectively, and on a sustained basis.  The undersigned has considered the claimant's allegations and has found them inconsistent with the objective medical findings in the record." (Tr. 20).

The ALJ did not state which subjective complaints are inconsistent with the record, or provide any analysis supporting his finding. Defendant's brief states, "[T]he ALJ considered inconsistencies between Plaintiff's alleged disabling symptoms, including headaches and fatigue, and his daily living patterns." (Doc. #28, p. 17). However, the defendant does not cite any portion of the ALJ's opinion in support of his statement, and the court cannot find any analysis in the ALJ's opinion explaining how plaintiff's claimed symptoms are inconsistent with his activities of daily living. The ALJ simply paraphrased Madcke's subjective complaints (Tr. 15-17) and the medical evidence (Tr. 17-19), and then concluded the subjective complaints are inconsistent with the record (Tr. 17, 20) without adequately explaining the reasons supporting his determination.

Further, the ALJ erred in his implication that if Madcke's subjective complaints are credible, a finding of disability would not be required. Madcke testified he can only see light and "maybe some shades" out of his left eye (Tr. 33), "everything is kind of wavy" and blurry out of his right eye (Tr. 34, 43), and he has poor depth perception (Tr. 41). In regard to Madcke's ability to read, he testified he can make out some words with large letters if he puts reading glasses over the top of his regular glasses. (Tr. 34, 42, 53). He stated he is unable to write out checks or fill out forms due to his vision issues, but he is able to write if he closes his eyes and guesses where to write the words. (Tr. 42, 53). Vocational Expert Dr. Juletta M. Harren stated than an individual who cannot write out checks due to vision issues would not be able to perform work as an order clerk, receptionist/information clerk, general office clerk, or appointment clerk. (Tr. 52). Further, Madcke testified he naps for an hour to two hours a day due to boredom and lack of sleep caused by his nocturnal diarrhea (Tr. 39, 53-54), and he has

8

severe headaches once a week (Tr. 40).  Vocational Expert Harren testified that an individual

who is ill once a week and is not able to work a full day on a regular basis would not be able to

perform work as an order clerk, receptionist/information clerk, general office clerk, or

appointment clerk.  (Tr. 53).  Contrary to the ALJ's implication, if Madcke's subjective

complaints are credible, a finding of disability would be required.

The ALJ stated he "considered all symptoms and the extent to which these symptoms can

reasonably be accepted as consistent with the objective medical evidence and other evidence,

based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p."  (Tr.

14).   An ALJ need not discuss every Polaski factor, but must take each one into account.  Casey

v. Astrue, 503 F.3d 687, 695 (8th Cir. 2007).  The ALJ did not explicitly discuss the Polaski

factors, and the court cannot conclude from the record that the ALJ considered all of the relevant

factors in analyzing Madcke's subjective complaints.  Specifically, Madcke contends the ALJ

did not consider his prior good work history.  Normally, the court would defer to the ALJ's

credibility determination if the ALJ has adequately explained his findings.  "Where adequately

explained and supported, credibility findings are for the ALJ to make."  Lowe v. Apfel, 226 F.3d

969, 972 (8th Cir. 2000)(citation omitted).  The ALJ may discount a claimant's subjective

complaints if inconsistencies are apparent in the evidence as a whole.  Id.  The ALJ made

conclusory, unclear statements with no citation to the evidence or analysis to support his

findings.  On remand, the ALJ should consider Madcke's subjective complaints and provide a

proper analysis for his credibility determination in light of Polaski.  If the ALJ finds plaintiff's

subjective complaints are inconsistent with the record, the ALJ should explicitly point out the

inconsistencies and provide explanation for how the subjective complaints are inconsistent with

the record.  Since the ALJ failed to adequately explain and support his credibility findings, his

determination is not supported by substantial evidence in the record as a whole.

**Residual Functional Capacity**

Madcke contends the ALJ erred in not including all of his limitations in his RFC

assessment.  Specifically, Madcke claims the RFC does not account for his absenteeism from

work, headaches, fatigue caused by nocturnal diarrhea, depression, and vision issues.  The ALJ's

finding as to Madcke's RFC was based on his determination that Madcke's subjective

complaints are not credible.  Because the credibility determination is not supported by

substantial evidence in the record as a whole, on remand the ALJ will also have to reconsider

Madcke's RFC.

**Examining Physicians and Duty to Develop Record**

Madcke claims the ALJ improperly disregarded the opinions of social security

consultative examiners Dr. Ernster and Dr. Geiselhart.  However, the ALJ gave "[g]reat weight"

to the opinion of Dr. Geiselhart and "[s]ome weight" to the opinion of Dr. Ernster.  (Tr. 19).  The

ALJ found, "Dr. Ernster's report was somewhat inconclusive in that his final recommendations

were that the claimant be evaluated by specialists for his vision, diarrhea, and mental health

issues."  (Tr. 19).  Madcke contends Dr. Ernster's recommendations triggered the ALJ's duty to

develop the record and the ALJ should have ordered further examinations.

An ALJ is not required to order further examinations when the record contains sufficient

medical evidence to determine whether claimant is disabled.  Conley v. Bowen, 781 F.2d 143,

146 (8th Cir).  There was no need to further develop the record in this case.  Madcke was already

being seen by specialists for his vision issues.  (Tr. 415-434, 358-363).  The ALJ did have

Madcke examined for his mental issues by social security consultative examiner Dr. Geiselhart.

10

(Tr. 409-413).  Finally, there was no need to further develop the record as to Madcke's diarrhea condition.  Madcke claimed fatigue as the primary effect of his nocturnal diarrhea, which is dependant on his subjective testimony, not an examiner's opinion.[2]  The ALJ did not violate his duty to develop the record and did not improperly disregard the opinions of the social security consultative examiners.

**Period of Time Considered by the ALJ**

At the end of the ALJ's opinion he found, "The claimant has not been under a disability, as defined in the Social Security Act, from May 4, 2004 through the date of this decision . . . ." (Tr. 21).  Madcke contends the finding is in error because at the hearing the onset date was amended to May 8, 2005, and the time period considered by the ALJ extended too far in the past. It is clear the date entered in the ALJ's finding was a typographical error.  In the procedural history portion of his opinion the ALJ noted the alleged onset date of disability was amended to May 8, 2005.  (Tr. 9).  He later found, "The claimant has not engaged in substantial gainful activity (SGA) since May 8, 2005, the amended alleged onset date . . . ."  (Tr. 12).  Considering the fact that the ALJ considered the entire period of alleged disability, the court finds the typographical error was harmless.

**Conclusion**

After considering the errors alleged by Madcke and the record as a whole, it is **RECOMMENDED** that plaintiff's motion for summary judgment (Doc. #18) reversing the ALJ's decision be **DENIED**, but that plaintiff's motion to remand (Doc. #24) be **GRANTED**

---

[2]Madcke's testimony about fatigue plays into the ALJ's credibility determination, which the court has already determined is not supported by substantial evidence in the record as a whole.

11

and the case be **REMANDED** for reconsideration of Madcke's subjective complaints in determining his RFC.  It is further **RECOMMENDED** that defendant's motion for summary judgment (Doc. #27) be **DENIED**.

### Notice of Right to Object

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1 (D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy.

Dated this 10th day of September, 2010.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge
